27182.   McALISTER *v.* SANDERS.

DECIDED MARCH 2, 1939.

*D. D. Veal, Samuel H. Wiley,* for plaintiff in error.

*M. F. Adams,* contra.

STEPHENS, P. J.   K. D. Sanders caused a distress warrant for rent, in the sum of $99.79, to issue against J. D. McAlister.   The defendant, in a counter-affidavit and amendment thereto, denied the indebtedness.   On the trial of the issue presented, the plaintiff testified that the defendant executed a rent note which contained the contract of rental, that this contract had been lost, and that due diligence had been exercised to locate it, without success, that the contract was drawn from an original draft which the plaintiff drafted in his handwriting but which was not signed by either party, that the plaintiff had this. original draft in his possession and refreshed his recollection therefrom, that this original draft contained the terms of the contract which was signed by the defendant, and was a "substantial copy" of the contract signed by the defendant.   This unsigned, original draft or memorandum, was, as stated in the brief of evidence, admitted in evidence "in lieu of the executed contract."   The plaintiff testified orally as to the terms of the written contract between him and the defendant, and that under the terms of this contract the amount of rental contracted to be paid by the defendant was represented by cotton, which, as appears from other testimony, amounted to some $270, that the defendant had paid on the indebtedness the sum of $181. The defendant testified that he signed a contract for rent with the plaintiff under the terms of which the amount of rental was $200, that the contract introduced by the plaintiff, meaning the original draft which had been introduced in evidence, was not the contract that the defendant signed, that the rental was $200 and that the defendant had paid all thereon with the exception of $19, which he admitted owing the plaintiff.

The plaintiff objected to the above testimony of the defendant on the ground that it was "inadmissible and could not be admitted to alter, vary, contradict, or change the terms of a valid written contract, that is, the written contract admitted as a memorandum in lieu of the alleged original contract which had been lost." The court sustained this objection, ruled the testimony inadmissible, excluded it from consideration by the jury, and afterwards directed a verdict for the plaintiff in the sum of $89.

In the defendant's motion for a new trial error is assigned on the exclusion of the defendant's testimony on the ground that the testimony should have been allowed to go to the jury "to contradict the testimony of the plaintiff that the unsigned memorandum introduced by him was a correct copy of the original contract signed by the defendant."

The plaintiff was undertaking to establish by parol the contents of the lost written contract. In so doing, he testified, as he stated, by refreshing his recollection from the original written draft unsigned by either party, which the plaintiff had prepared, and which contained what the plaintiff contended and testified were the terms of the lost written contract. While it is stated in the brief of evidence that this memorandum or original draft, from which the plaintiff had refreshed his recollection, and which the plaintiff testified contained the terms of the original lost written contract, and was a "substantial copy" of the contract signed by the plaintiff, was admitted in evidence "in lieu of the executed contract," it does not appear that this written memorandum or original draft was an established copy of the lost original. It was, as appears from the evidence, made before, and antedated, the lost original. It was not offered as a copy of the lost original, but as a document which was a written memorandum of the terms of the written contract afterwards prepared and executed, the terms of which the plaintiff was seeking to establish by parol. This written memorandum is in evidence only as an aid to the plaintiff's parol testimony of the contents of the lost original written contract.

The contents of the original written contract which was lost were subject to establishment by parol. The testimony of the defendant was as to the contents of the original lost contract. It was therefore admissible and competent as tending to show the contents of this contract. The fact that the testimony of the defendant may

have been in contradiction of the contents of the written draft or memorandum which had been introduced in evidence, and which did not purport to be a copy of the lost written contract, but was only a written memorandum from which the original contract was made, did not render the parol testimony of the defendant irrelevant and inadmissible for the purpose of establishing the contents of the original lost written contract sued on. The following cases relied on by the plaintiff as authority to sustain the ruling of the court in excluding the defendant's testimony are clearly distinguishable: *Williams* v. *Waters,* 36 *Ga.* 454; *Goodman* v. *Henderson,* 58 *Ga.* 567; *Shedden* v. *Heard,* 110 *Ga.* 461 (35 S. E. 707). These cases had reference to a situation only where there was a proved copy., It was held that a proved copy of a written instrument was better evidence of the instrument's contents than parol evidence of its contents, and also that such proved copy could not be changed or contradicted by a parol agreement or understanding. In the case now before this court, there was no proved copy of the original written contract of tenancy which was the contract sued on. The written instrument which was put in evidence was not a copy, but was a written memorandum or statement made by the plaintiff from which he, in testifying in parol, refreshed his recollection. The evidence tending to establish the contents of the written contract sued on was entirely in parol.

The court erred in excluding this testimony, and in afterwards directing a verdict for the plaintiff.. The court erred in overruling the defendant's motion for new trial.

*Judgment reversed. Sutton and Felton, JJ., concur.*